# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF GEORGIA

# AUGUSTA DIVISION

| | |
|---|---|
| TRAVION REID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 117-032 |
| | ) |
| SCOTT WILKES; STAN SHEPARD; | ) |
| RUTHIE SHELTON; MRS. BUSSEY; | ) |
| MARY ALSTAN; P.A. CAIN; | ) |
| AYAZ CHAUDHARY; | ) |
| KIMBERLY FOUNTAIN; and | ) |
| GREGORY DOZIER, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's pleadings must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006). The Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but the Court may dismiss the complaint or any portion thereof if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). After a review of Plaintiff's complaint and prior history of case filings, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice and the motions to be placed in federal custody, to amend, for a preliminary injunction and a temporary restraining order, and to proceed without paying the initial partial filing fee, (doc. nos. 10, 12, 14-1, 14-2, 15), be **DENIED AS MOOT**.

**I. BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007). The Eleventh Circuit has upheld the constitutionality of § 1915(g) because it does not violate an inmate's right to access the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721-27.

To that end, the "Form to be Used by Prisoners In Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983," requires that prisoner plaintiffs disclose: (1) whether they

have begun other lawsuits in state or federal court dealing with the same facts involved in the current action, (2) whether they have brought any federal lawsuits while incarcerated or detained in any facility dealing with facts other than those in the current case, (3) the disposition of any such lawsuits, and (4) whether they were allowed to proceed IFP in any such lawsuits. (Doc. no. 1, pp. 1-3.) Under the question concerning whether a prisoner plaintiff has brought any lawsuits dealing with the same facts involved in this action, the prisoner plaintiff who has brought any such lawsuits is specifically instructed to describe each lawsuit, including the court hearing the case, the date of filing and disposition, and whether he was allowed to proceed IFP. (Id. at 1-2.) If there is more than one such lawsuit, the additional lawsuits must be described on another piece of paper. (Id. at 1.)

## II. DISCUSSION

### A. Dishonesty in the Complaint

Here, under penalty of perjury, Plaintiff identified one prior case he filed dealing with the same facts in this action. (Id. at 1 (disclosing Reid v. Crickmar, No. 1:17-cv-0619 (N.D. Ga. Feb. 16, 2017).) However, the Court is aware of a second case Plaintiff filed dealing with the same facts as this action which he failed to disclose. The undisclosed case was filed prior to the one Plaintiff disclosed in this case and was dismissed for lack of venue. Reid v. Crickmar, No. 1:17-cv-0230 (N.D. Ga. Jan. 19, 2017).

The Eleventh Circuit has approved of dismissing a case based on dishonesty in a complaint. In Rivera, the Court of Appeals reviewed a prisoner plaintiff's filing history for the purpose of determining whether prior cases counted as "strikes" under the PLRA and stated:

> The district court's dismissal without prejudice in Parker is equally, if not more, strike-worthy. In that case, the court found that Rivera had lied under penalty of perjury about the existence of a prior lawsuit, Arocho. As a sanction, the court dismissed the action without prejudice, finding that Rivera "abuse[d] the judicial process[.]"

Rivera, 144 F.3d at 731; see also Sears v. Haas, 509 F. App'x 935, 936 (11th Cir. 2013) (affirming dismissal of complaint where prisoner plaintiff failed to accurately disclose previous litigation); Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 223, 226 (11th Cir. 2011) (affirming dismissal, after directing service of process, of amended complaint raising claims that included denial of proper medical care and cruel and unusual punishment for placement in a "restraint chair" and thirty-seven days of solitary confinement upon discovering prisoner plaintiff failed to disclose one prior federal lawsuit); Young v. Sec'y Fla. Dep't of Corr., 380 F. App'x 939, 940-41 (11th Cir. 2010) (affirming dismissal of third amended complaint based on a plaintiff's failure to disclose prior cases on the court's complaint form); Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538368 (N.D. Fla. Mar. 21, 2012) (dismissing case alleging deliberate indifference to serious medical needs where plaintiff failed to disclose new case commenced in interim between filing original complaint and second amended complaint), *adopted by*, Alexander v. Salvador, No. 5:12cv15, 2012 WL 1538336 (N.D. Fla. May 2, 2012).

The practice of dismissing a case as a sanction for providing false information about prior filing history is also well established in the Southern District of Georgia. See, e.g., Brown v. Wright, CV 111-044 (S.D. Ga. June 17, 2011); Hood v. Tompkins, CV 605-094 (S.D. Ga. Oct. 31, 2005), *aff'd*, 197 F. App'x 818 (11th Cir. 2006). As discussed above, Plaintiff's answer about filing other federal lawsuits dealing with the same facts was

blatantly dishonest, and this case should be dismissed without prejudice as a sanction for the dishonesty.

> ### B. Motions for Injunctive Relief

Although all of Plaintiff's pending motions are due to be denied as moot because of the recommendation for dismissal, there is no merit to any of Plaintiff's requests for injunctive relief.  In particular, Plaintiff seeks to be transferred to federal custody to obtain the medical treatment he believes he needs and to ensure state officials do not retaliate against him for filing this lawsuit.  (Doc. nos. 10, 14-1, 14-2.)  Although Plaintiff lists the requirements for obtaining injunctive relief, he offers no facts or arguments to show he can satisfy any one, let alone all, of them.

A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)).  "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites."  All Care Nursing Serv., Inc., 887 F.2d at 1537.

Plaintiff cannot satisfy even the first requisite of showing a substantial likelihood of prevailing on the merits.  Plaintiff offers no authority, and the Court is not aware of, any viable legal or statutory justification for his position that a state prisoner should be removed from the custody of state officials and placed in the custody of federal officials simply so that

he can receive medical care that is more to his liking. Rather, as a general rule, inmates do not have a constitutional right to be housed at one facility or another. Meachum v. Fano, 427 U.S. 215, 224-25 (1976). Moreover, Plaintiff attached as Exhibit B to his complaint a response to a grievance he filed regarding treatment for Hepatitis B stating he refused treatment on multiple occasions for a GI evaluation, and lab results show he does not have the Hepatitis B infection.[1] (See doc. no. 1-3, p. 2.)

To the extent Plaintiff also requests that prison officials be ordered not to retaliate against him, it is clearly established that retaliating against an inmate for filing a lawsuit is unconstitutional. See Williams v. Brown, 347 F. App'x 429, 435-36 (11th Cir. 2009); Wright v. Newsome, 795 F.2d 964, 968 (11th Cir. 1986). Thus, the request for an order prohibiting any staff member at ASMP, or at any prison, from retaliating against Plaintiff would serve little purpose, as it would amount to nothing more than an instruction to "obey the law" — a duty already in place. See Burton v. City of Belle Glade, 178 F.3d 1175, 1201 (11th Cir. 1999) (refusing to issue order which would amount to broad instruction to simply "obey the law"). Nor is Plaintiff's subjective belief that prison officials will retaliate against him for litigating this case sufficient to show a constitutional violation. See Ray v. Ala. Pardon & Parole Bd., No. 2:08-CV-0089-MEF, 2008 WL 1836703, at *2 (M.D. Ala. Apr. 23, 2008).

In sum, Plaintiff has not shown that he can satisfy even the first requisite, let alone all four requisites, for obtaining injunctive relief. Therefore, even if Plaintiff's motions for injunctive relief were not due to be denied as moot because of the recommendation for dismissal, the motions are without merit.

---

[1] Also, medical records attached to the case Plaintiff filed in the Northern District of Georgia but failed to disclose show that although Plaintiff had at one time been diagnosed with Hepatitis B, as of April 19, 2016, it was listed as "resolved." See Ct.'s Ex. A.

6

### III. CONCLUSION

Because Plaintiff has abused the judicial process by providing dishonest information about his filing history, the Court **REPORTS** and **RECOMMENDS** this action be **DISMISSED** without prejudice as a sanction and the motions to be placed in federal custody, to amend, for a preliminary injunction and a temporary restraining order, and to proceed without paying the initial partial filing fee, (doc. nos. 10, 12, 14-1, 14-2, 15), be **DENIED AS MOOT**.

SO REPORTED and RECOMMENDED this 12th day of June, 2017, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA