**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

TRAVION REID,                         *
                                      *
        Plaintiff,                    *
                                      *
        v.                            *          CV 117-032
                                      *
SCOTT WILKES, *et al.*,               *
                                      *
        Defendants.                   *

---

**O R D E R**

---

Plaintiff is a prisoner presently confined at Augusta State Medical Prison in Grovetown, Georgia. Plaintiff, proceeding *pro se*, initiated the present case against Defendants on March 14, 2017 with the filing of his complaint. (Doc. 1.) Contemporaneously with the institution of this case, Plaintiff filed a motion for leave to proceed *in forma pauperis.* (Doc. 2.) On May 22, 2017, Plaintiff filed: (i) a motion requesting injunctive relief (*i.e.*, to be transferred to Federal custody to obtain medical treatment he believes he needs and to ensure state officials do not retaliate against him for filing this lawsuit); and (ii) a motion to amend his complaint to add an additional defendant. (Docs. 10, 12.) On June 5, 2017, Plaintiff filed a writing styled as an "Order to Show Cause for an [sic] Preliminary Injunction and a Temporary Restraining

Order," in which Plaintiff further elaborated on his aforementioned motion requesting injunctive relief. (Doc. 14.) On June 8, 2017, Plaintiff filed a motion for leave to proceed without paying the initial partial filing fee.[1] (Doc. 15.)

On June 12, 2017, the Magistrate Judge conducted an initial review of Plaintiff's pleadings and other filings and entered a report and recommendation ("R&R") wherein he recommended the dismissal without prejudice of this case for Plaintiff's dishonesty in failing to fully disclose his prior filing history in his complaint.[2] (Doc. 16.) The Magistrate Judge also

---

[1] On March 14, 2017, the Magistrate Judge tentatively granted Plaintiff's request to proceed *in forma pauperis* and directed Plaintiff to complete a Prisoner Trust Fund Account Statement form and Consent to Collection of Fees form so that, *inter alia*, the Magistrate Judge could properly calculate Plaintiff's initial partial filing fee under the Prison Litigation Reform Act. (Doc. 3; see also Doc. 3-1 (the forms).) Plaintiff did not return the forms provided to him with the March 14, 2017 Order, but rather submitted "a different account certification form that does not contain all of the information required by the Court's form[s]." (See Doc. 5 (citing Doc. 4); see also Doc. 4.) On April 6, 2017, the Magistrate Judge noted this deviation and ordered Plaintiff to sign and return the previously-provided forms or have this case dismissed without prejudice. (Doc. 5.) Plaintiff filed the required forms on April 20 and 24, 2017. (Docs. 6, 7.) "Based on the information furnished by Plaintiff," the Magistrate Judge "order[ed] Plaintiff to pay an initial filing fee of $25.00 within thirty days from the date of this Order" entered April 25, 2017. (Doc. 8, at 1.) On May 3, 2017, Plaintiff filed a motion for appointment of counsel, which the Court denied on May 25, 2017. (Docs. 9, 13.) In his Order denying Plaintiff's motion to appoint counsel, the Magistrate Judge noted that Plaintiff had failed to pay the assessed initial filing fee as required by the Order entered April 25, 2017 and directed him to pay that assessed initial filing fee or "show[] the Court why he has not complied with the Order directing the payment." (Doc. 13, at 1-2.) Plaintiff's motion for leave to proceed without paying the initial partial filing fee (doc. 15) appears to be in response thereto.

[2] Plaintiff's complaint was filed on the "Form to be Used by Prisoners in Filing a Complaint under the Civil Rights Act, 42 U.S.C. § 1983." (Doc. 1.) This form requires that prisoner plaintiffs disclose, *inter alia*: (i) any lawsuits they have brought "in state or federal court dealing with the same facts involved in [the present] action"; (ii) any lawsuits they have brought "in federal court which deal with facts other than those involved in [the present] action"; (iii) the disposition of any such lawsuits; and (iv)

reported that Plaintiff had failed to make the requisite showing to justify the requested injunctive relief and recommended that Plaintiff's requests for injunctive relief and to amend the complaint be denied as moot. (Doc. 16, at 5-7.) On June 28, 2017, Plaintiff filed written objections to the R&R, in which he argued that he failed to disclose his entire filing history "[b]ecause of [his] misconception of the law" and that the undisclosed lawsuit concerned "totally different issues." (Doc. 18, at 3-4.) Plaintiff also repeated therein the same or similar arguments previously made in support of his requests for injunctive relief. (Id. at 4-5.)

After conducting an independent and *de novo* review of the entire record, this Court overruled Plaintiff's objections and adopted the Magistrate Judge's R&R as its own opinion on July 10, 2017. (Doc. 19 (the "Dismissal Order").) Indeed, the Court

---

whether the plaintiff prisoner was allowed to proceed *in forma pauperis* in any such lawsuits. (See Doc. 1, at 1-3.) In his complaint, Plaintiff — under penalty of perjury — identified a single other case he filed "dealing with the same facts involved in this action", namely Reid v. Crickmar, et al., Case No. 1:17-cv-619 (N.D. Ga. filed Feb. 16, 2017). (Doc. 1, at 1-2.) Plaintiff further stated — again, under penalty of perjury — that he had not filed any lawsuits "[w]hile incarcerated or detained in any facility . . . in federal court which deal with facts other than those involved in this action." (Id. at 2.) As noted by the Magistrate Judge, however, Plaintiff failed to disclose the matter of Reid v. Crickmar, et al., Case No. 1:17-cv-230 (N.D. Ga. filed Jan. 19, 2017). (Doc. 16, at 2-5.) The Court notes that Plaintiff also failed to disclose the matters of Reid v. Hart, Case No. 1:12-cv-312 (N.D. Ga. filed Jan. 30, 2012), and Reid v. Toole, Case No. 1:13-cv-3229 (N.D. Ga. filed Sept. 26, 2013). Further, since the filing of this case, Plaintiff also appears to have filed three new actions, namely: (i) Reid v. Crickmar, et al., 4:17-cv-119 (N.D. Ga. filed June 8, 2017) (subsequently dismissed without prejudice for Plaintiff's failure to disclose prior lawsuits); (ii) Reid v. Crickmar, et al., Case No. 4:17-cv-190 (N.D. Ga. filed Aug. 16, 2017) (pending); and (iii) Reid v. Wilkes, et al., Case No. 1:18-cv-003 (S.D. Ga. filed Jan. 3, 2018) (pending).

noted that even assuming *arguendo* that "the undisclosed case identified by the Magistrate Judge could be considered as not dealing with [the] same facts involved in this action, then Plaintiff provided dishonest information by not identifying the case under the question on the complaint form requiring disclosure of any lawsuits dealing with facts other than those involved in this action." (Id. at 1-2 (internal quotations omitted).) Accordingly, the Court dismissed this case without prejudice "as sanction for Plaintiff's abuse of the judicial process," denied as moot Plaintiff's requests for injunctive relief and to amend his complaint, and closed this case.[3] (Id.) Plaintiff now moves for reconsideration of the Dismissal Order. (Doc. 21.)

A party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. FED. R. CIV. P. 59(e). Because reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly, a movant must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Bostic v. Astrue, 2012 WL 3113942, at *1 (S.D. Ga.

---

[3] In a footnote to the Dismissal Order, the Court noted that "[a]s the dismissal is without prejudice, nothing in this Order puts any additional restrictions on Plaintiff's filing activities beyond those already in place for any prisoner filing a new case in federal court." (Doc. 19, at 2 n.1.) Notably, Plaintiff filed a new action in this Court on January 3, 2018, regarding substantially the same claims raised in the present case. (See Reid v. Wilkes, et al., Case No. 1:18-cv-3 (S.D. Ga. filed Jan. 3, 2018), Doc. 1.)

4

July 31, 2012). A Rule 59(e) motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment," as "the only grounds for granting a Rule 59(e) motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations omitted). "Rule 59(e) is not a vehicle for rehashing arguments already rejected by the court or for refuting the court's prior decision." Bostic, 2012 WL 3113942, at *1 (quoting Wendy's Int'l v. Nu-Cape Const., Inc., 169 F.R.D. 680, 686 (M.D. Ga. 1996)).

Here, Plaintiff has failed to demonstrate newly-discovered evidence or manifest errors of law or fact that would justify a finding that the Court should alter or amend its Dismissal Order. Rather, Plaintiff uses his motion to rehash his previously-rejected arguments, attempt to refute the Court's reasoning, and blame his misconduct on his ignorance of the law. The Court has already heard, thoroughly considered, and rejected the very complaints that Plaintiff now raises. Because these complaints do not present newly-discovered evidence or otherwise demonstrate clear error or manifest injustice in the Court's

Dismissal Order, the Court finds neither a factual or legal basis for altering or amending its decision in this case.[4]

Based on the foregoing and upon due consideration, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (doc. 22) is **DENIED** and this case shall remain **CLOSED**.

**ORDER ENTERED** at Augusta, Georgia this _23rd_ day of February, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] Were the Court to liberally construe Plaintiff's present motion as one seeking relief under Federal Rule of Civil Procedure 60(b), Plaintiff still would not be entitled to any relief, as he has failed to demonstrate – let alone provide any evidence in support of – any reason justifying relief thereunder. See FED. R. CIV. P. 60(b)(1-6); see also Redmon v. Lake Cty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) ("The district court did not abuse its discretion in concluding that Plaintiff's explanation for his failure to disclose the Colorado lawsuit — that he misunderstood the form — did not excuse the misrepresentation and that dismissal without prejudice was a proper sanction. The complaint form clearly asked Plaintiff to disclose previously filed lawsuits he had filed not only with similar facts to the instant case, but also lawsuits otherwise relating to his imprisonment or conditions of his imprisonment. The district court was entitled to conclude that Plaintiff had abused the judicial process when he failed to do so."); Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) ("[R]elief under [umbrella "any other reason that justifies relief" clause] is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.").